IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

In re: WOLFGANG HAESE and
FREDERIKA MARIOZA HAESE,

        Debtors.

PHILIP J. MONTOYA, Trustee,

        Plaintiff-Appellee,

  vs.                                                                       No. CIV 07-532 BB/LFG
                                                                        Bankruptcy No. 7-04-18107 ML
                                                                          Adversary No. 06-1194 M

FOUNDATION RESERVE INSURANCE
COMPANY, INC,

        Defendant-Appellant

### **MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION**[1]

      THIS MATTER is before the Court on appeal of a decision of the United States Bankruptcy Court for the District of New Mexico. The appeal is filed by Foundation Reserve Insurance Company ("FRIC"), defendant in Adversary No. 06-1194 M, pursuant to 28 U.S.C. §§ 158(a).

      FRIC challenges the ruling of Chief United States Bankruptcy Judge Mark B. McFeeley in this adversary case. Judge McFeeley granted summary judgment in favor of Chapter 7 Trustee Philip J. Montoya ("the Trustee"), holding that FRIC's judicial lien does not prevail over the interest of the

---

[1] Within ten (10) days after a party is served with a copy of this proposed analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed analysis and recommendations. If not objections are filed, no appellate review will be allowed.

Trustee in certain real property which the Trustee recovered for the benefit of the estate.

The District Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(c)(1)(A). The case was referred to the undersigned Chief Magistrate Judge for analysis and recommended disposition pursuant to 28 U.S.C. § 636(b)(1). Briefing in this appeal was completed on September 14, 2007. For the reasons given below, the Court recommends that Judge McFeeley's decision be affirmed.

## Factual and Procedural Background

On November 5, 2002, FRIC obtained a judgment against Wolfgang Haese and Frederika Marioza Haese (hereinafter referred to as "Debtors") in state district court. FRIC recorded the transcript of judgment in the records of the county clerk one month later, on December 5, 2002.

On November 27, 2002, between the date the judgment was rendered by the state court and the date FRIC recorded the transcript of judgment with the county clerk, Debtors signed a quitclaim deed purporting to convey nine acres of a 14-acre tract of real property to their son, Carl Haese. This deed is recorded in the real property records of Dona Ana County. Approximately two years later, on November 5, 2004, Debtors filed for Chapter 7 bankruptcy.[2]

The record indicates that FRIC made no further attempt to enforce its judgment against Debtors nor to secure a judicial ruling of any sort as to the validity of the conveyance from Debtors to their son Carl, at any time between the date FRIC filed the transcript of judgment and the date Debtors filed for bankruptcy. Whether or not such attempts were made, it is apparent that, as of the date the bankruptcy petition was filed on November 5, 2004, no court had rendered a ruling as to the

---

[2] The case was converted to a Chapter 13 on December 5, 2005, then was reconverted back to a Chapter 7 on May 22, 2006. [Docs. 31, 67 in BR No. 7-04-18107 ML].

validity of the conveyance at issue.

On February 15, 2005, the Trustee in this matter filed a complaint in a different adversary proceeding, Adversary No. 05-1032-M.  In that case, the Trustee sought to avoid the purported conveyance of real property from Debtors to their son, Carl Haese and asked for a declaratory judgment that the conveyance is void under New Mexico law and the property at issue constitutes property of the estate.  [*See*, Doc. 1 in Adversary No. 05-1032 M, United States Bankruptcy Court (which proceeding will hereinafter be cited as "Adversary No. 05-1032")].  In his complaint in that adversary proceeding, the Trustee raised three grounds for recovery of the property:

> (1) Debtor Frederika Haese did not sign the quitclaim deed and thus did not join in the transfer of the property, which was the community property of Wolfgang and Frederika Haese;
>
> (2) the description of the subject property in the quitclaim deed was insufficient to establish the boundaries of the property, rendering the transfer invalid and unenforceable; and
>
> (3) the purported transfer violated the Uniform Fraudulent Transfer Act as applied in New Mexico.

[Id., at 2-4].

The issues in that adversary proceeding were never decided on the merits.  Carl Haese, a named defendant in that case, failed to file an Answer and on April 25, 2005, the Bankruptcy Court granted the Trustee's motion for default judgment.  [Doc. 6 in Adversary No. 05-1032].

In his Order Granting Plaintiff's Motion for Default Judgment, Judge McFeeley granted judgment against Carl Haese, ordered that the transfer of real property described in the quitclaim deed "is hereby avoided" as being "of no force and effect," and that the subject property is now in the Chapter 7 estate.  [Doc. 6 in Adversary No. 05-1032, at 2].

3

On June 29, 2005, the remaining defendants in 05-1032, Wolfgang and Frederika Haese, joined with the Trustee in stipulating to dismissal of that adversary proceeding [Doc. 7 in Adversary No. 05-1032]. The Stipulated Order of Dismissal recited that the April 25, 2005 order granting default judgment "resolves all claims asserted in this adversary proceeding." [Id.]. The proceeding was dismissed, and the case was closed on June 30, 2005.

On December 20, 2006, Carl Haese filed a motion to set aside the default [Doc. 12 in Adversary No. 05-1032]. Judge McFeeley conducted a hearing and, on January 10, 2007, denied the motion. [Doc. 23 in Adversary No. 05-1032]. Proceeding *pro se*, Carl Haese appealed this ruling to the District Court. [*See*, Haese v. Montoya, United States District Court No. Civ. 07-88 MV/RHS]. That appeal is now pending.

Meanwhile, on October 27, 2006, the Trustee filed another adversary proceeding, Adversary No. 06-1194 M. It is a ruling in Adversary No. 06-1194 which is currently under consideration here.[3] In his complaint in Adversary No. 06-1104, the Trustee asked the Bankruptcy Court to determine the validity of FRIC's lien on the property in question. The Trustee and FRIC each filed cross motions for summary judgment. Judge McFeeley considered both motions and rendered summary judgment in favor of the Trustee.

FRIC appeals the summary judgment ruling in favor of the Trustee, asking this Court to reverse that ruling and determine that FRIC's judgment lien on the 14 acres in question is valid and that it attached on the date the transcript of judgment was recorded.

---

[3] The Trustee named two defendants in No. 06-1194: FRIC and Oliphant Financial Corporation ("Oliphant"). Oliphant is another creditor of Debtors which also holds a lien in the form of a transcript of judgment. Oliphant failed to file an Answer or enter an appearance in the case, and default judgment was entered against it. [Doc. 35 in Adversary No. 06-1194]. FRIC is the sole appellant in this appeal.

4

**Standard of Review and Issues on Appeal**

Legal determinations of the Bankruptcy Court are reviewed under a *de novo* standard, although this Court is bound by any factual findings of the Bankruptcy Court unless they are clearly erroneous. Phillips v. White (In re White), 25 F.3d 931, 933 (10th Cir. 1994); Rowe Int'l, Inc. v. Herd, 840 F.2d 757, 759 (10th Cir. 1988). The facts underlying this appeal are undisputed; the ruling in the Bankruptcy Court presents a pure issue of law. This Court therefore reviews the summary judgment ruling *de novo*.

Although Judge McFeeley ruled in a earlier adversary proceeding that the purported conveyance had no force and effect, he nevertheless held in Adversary No. 06-1194 that, at the time the Debtors filed their bankruptcy petition, the quitclaim deed was not void but merely voidable. Thus, at the time FRIC recorded the transcript of judgment against the Debtors, the conveyance to Carl Haese was in effect, albeit voidable. The lien, therefore, could not attach to the property because the Debtors had no interest in the property at the time the lien was recorded.

Judge McFeeley's ruling on the "voidable, not void" nature of the conveyance was based on two considerations. First, he held that under New Mexico law, the presence of Frederika Haese's signature on the quitclaim deed, although in the wrong place and with her status misidentified as a witness rather than a grantor, was nevertheless sufficient to establish that she "joined" in the transaction.

Secondly, he held that the transfer remains merely voidable until a definitive ruling is made that the property was fraudulently transferred, and no such ruling has been made in this case. Although FRIC might have been able to seek a determination under state law that the transfer of the property was fraudulent, it had not done so by the time the Debtors filed their bankruptcy petition,

and the bankruptcy proceeding thereafter prohibited any such action.

In his summary judgment order in this proceeding, Judge McFeeley did not address a third issue which had been raised by the Trustee in the earlier adversary proceeding, the argument that the conveyance was invalid because the deed's description of the property was incomplete and defective.

Judge McFeeley also rejected FRIC's argument that the ruling in the earlier adversary proceeding, to the effect that the conveyance was ineffective and void, constitutes collateral estoppel in this case and compels the conclusion that the Debtors did indeed have an interest in the property at the time FRIC's judgment transcript was filed. The judge reasoned that the earlier ruling came in the context of a default judgment and, not constituting a full adjudication of the issue on the merits, could not give rise to collateral estoppel.

In appealing the summary judgment ruling in favor of the Trustee, FRIC asks this Court to reverse that ruling and hold that FRIC's judgment lien on the 14 acres in question is valid and that it attached on the date the transcript of judgment was filed with the county clerk.

## **Discussion**

Under New Mexico law, a transcript of a money judgment rendered in any state court may be filed with the clerk of the county in which the real estate is situated, and "[t]he judgment shall be a lien on the real estate of the judgment debtor from the date of the filing of the transcript . . . ." N.M.S.A. (1978) § 39-1-6. The question on this appeal is whether the property which the Debtors attempted to convey to Carl Haese constituted "the real estate of the judgment debtor" on December 5, 2002, the date that FRIC filed its judgment transcript with the county clerk for Doña Ana County.

FRIC argues that the Debtors retained full ownership of the property at all times, because the purported conveyance was void from the outset. This position is based on three propositions: that

the quitclaim deed was ineffective because Frederika Haese did not join in the transfer, that the description of the property was inadequate to effect a conveyance, and that the transfer violated state statutes against fraudulent conveyances.

The Trustee's position is that Judge McFeeley was correct in ruling that the Debtors had no interest in the property at the time the judgment lien was filed because the conveyance which had been effected at that time was not void *ab initio*, although it was potentially invalid. Because no definitive ruling on the validity or invalidity of the conveyance had been made by the time the Debtors filed their bankruptcy petition, the conveyance was essentially frozen in place once the bankruptcy process was initiated. Thus, FRIC's judicial lien cannot prevail over the interest of the Chapter 7 Trustee who avoided the transfer and therefore preserved the property for the benefit of the estate.

This Court agrees with the Trustee that Judge McFeeley's ruling was correct and recommends that the decision granting summary judgment in favor of the Trustee be affirmed.

### Frederika Haese's Signature on the Quitclaim Deed

The parties agree that the real property which Debtors purported to convey by means of the quitclaim deed is the community property of Frederika and Wolfgang Haese. New Mexico statutory law requires that "the spouses must join in all transfers [or] conveyances . . . [of] any interest in community real property . . .", and that "[a]ny transfer [or] conveyance . . . attempted to be made by either spouse alone in violation of the provisions of this section shall be void and of no effect . . . ." N.M.S.A. (1978) § 40-3-13(A).

The purpose of this section is to protect a spouse from having his or her interest in community real property conveyed without his or her consent. Arch, Ltd. v. Yu, 108 N.M. 67, 71, 766 P.2d 911, (1988). Unless both spouses join in the conveyance instrument, the transfer is void. Id., 108 N.M.

at 72; Jenkins v. Huntsinger, 46 N.M. 168, 125 P.2d 327 (1942).

Judge McFeeley noted that the quitclaim deed in this case identified only Wolfgang Haese as a grantor, and that Frederika Haese also signed the deed, but in a space designated "Signature of Witness."  He reasoned that because the New Mexico Supreme Court in a 1979 case construed the statutory phrase "join in" to mean "sign," Hannah v. Tennant, 92 N.M. 444, 446, 589 P.2d 1035, 1037 (1979), Frederika Haese therefore "joined in" the transaction because her signature appears on the deed.

New Mexico's joinder requirement ensures that one spouse will not convey the community interest without the knowledge and consent of the other.  Here, Frederika Haese obviously was aware of the conveyance and by her signature on the deed, did not object.  An objection based on the fact that her signature appears below Wolfgang's signature as a "witness"  may be putting form over substance.  The public policy considerations of knowledge and consent are surely present.

The New Mexico Supreme Court has never addressed the specific issue raised by the facts in this case – that is, if a spouse is misidentified on a deed as a witness rather than a grantor, does that spouse's signature on the deed constitute "signing" or "joining in" the conveyance, as contemplated by the statute?  This Court finds that Judge McFeeley's interpretation is neither unreasonable nor inconsistent with New Mexico property law.

Otero v. Wheeler, 102 N.M. 770, 701 P.2d 369 (1985), involved a transaction in which a wife executed a power of attorney authorizing her husband to act as her agent in real estate matters. While the power of attorney was in effect, the husband signed a transfer agreement in his own name, without indicating that he also signed as the wife's agent.  The wife later argued that the husband's signature was not "pursuant" to the power of attorney, because her interest in the property was not

"recognized within the four corners of the contract." Id., 102 N.M. at 773. The New Mexico district court rejected this argument, and the ruling was upheld by the New Mexico Supreme Court.[4]

While the present case is distinguishable on its facts from Otero, that case nevertheless stands for the proposition that a formal omission or misidentification regarding one of the spouses on the face of a contract of conveyance affecting community property will not necessarily render the contract void. While acknowledging that, in general, an agent alone is bound by a contract when he signs only his own name and fails to disclose the fact that he is acting for a principal, the court in Otero nevertheless found that the wife effectively "joined in" the transfer. In addition to the existence of the power of attorney, the court also noted that the wife accepted the benefits of the contract and never repudiated the husband's act. The latter two factors are true in the present case as well.

This is not a case where a wife challenges a transfer of real property on grounds her husband is attempting to defraud her. FRIC argues that Judge McFeeley should not have made "factual determinations" without holding an evidentiary hearing, but there is certainly no impropriety in the judge taking note of the record and considering the fact that nothing therein indicates that Frederika Haese repudiated the conveyance or the benefits resulting therefrom.

In light of the Hannah and Otero cases, the Court finds the Judge McFeeley's interpretation of § 40-3-13 is reasonable and supported both by law and policy. His ruling, that Frederika Haese's signature on the quitclaim deed was sufficient to indicate that she "joined in" the conveyance, will be upheld.

---

[4]The undersigned United States Magistrate Judge previously served as a New Mexico state district judge and was the presiding judge in Otero v. Wheeler.

Fraudulent Transfer

FRIC next argues that Judge McFeeley was incorrect in ruling that a judicial lien attaches to property previously transferred, only upon a judicial determination that the transfer was fraudulent. FRIC contends that its lien attached at the moment it filed the transcript of judgment and it further contends that the ruling in the previous adversary proceeding, which avoided the transfer, should serve as collateral estoppel in this case.

In Adversary No. 05-1032, Judge McFeeley granted the Trustee's motion for default judgment against Carl Haese. In doing so, he ruled that the transfer of the subject property is avoided, that title to the property is now in the estate, that the quitclaim deed in question herein "is of no force and effect," and that "the transfer that is the subject of this Order is void." [Doc. 6 in Adversary 05-1032].

FRIC argues that this language means that the transfer was absolutely void from the outset. Judge McFeeley's specific ruling on this issue is as follows:

> In other words, the effect of a determination that a transfer is fraudulent is that the transferring document is void, but until such determination is made, the subject transfer is merely voidable . . . . Thus, before FRIC's judgment lien can attach to the Property, there must be a determination that the Property was fraudulently transferred. No such determination has been made in this proceeding; nor did FRIC obtain a determination in state court that the Quitclaim Deed constituted a fraudulent transfer under applicable state law. While it is correct that all of a judgment debtor's legal and equitable interests in real property are subject to a recorded judgment lien . . ., in this case, the debtors had no interest in Property at the time FRIC recorded the lien.

[Doc. 1, Ex. 3, at 8-9].

Under New Mexico law, a fraudulent conveyance is a voidable, not absolutely void. State

ex rel. State Tax Comm'n v. Garcia, 77 N.M. 703, 427 P.2d 230 (1967). FRIC's failure to secure a judicial determination prior to the date the bankruptcy proceedings were instituted is fatal to its claim of precedence. When a judgment creditor has not taken action to seek a determination under state law that a transfer is fraudulent, the action by the debtors in filing an intervening bankruptcy petition will prohibit any such action on the part of the creditor. The Trustee may therefore proceed to set aside the transfer under 11 U.S.C. § 548 and preserve the property for the benefit of the estate, thus prevailing over the judgment lienholder. In re Abner, 288 B.R. 538 (Bankr. C.D. Ill. 2001).

> Unfortunately for the Staake children [who stood in the same position as FRIC stands in the present case], this is not a case where the defrauded creditors were able to set aside a fraudulent conveyance under state law. Rather, the intervening bankruptcy prohibited any such action, allowing the Trustee to set aside the transfer under 11 U.S.C. §§ 547 and 548. Another section of the Bankruptcy Code, specifically 11 U.S.C. § 551, provides that any transfer avoided under 11 U.S.C. § 547 or 548 is preserved for the benefit of the estate . . . . [T]here is an element of unfairness in the result that the Trustee may have the benefit of a fraudulent transfer so as to take priority over judgment lien creditors, . . . [and] [t]he Staake children invoke principles of equity to support their position. While the Court sympathizes with their situation, the Court finds that its own equitable powers are not sufficient to alter the outcome of the case, which is clearly dictated by federal and state statute and binding precedent.

In re Abner, 288 B.R. at 540.

*See also,* Retail Clerks Welfare Trust v. McCarty (In re Van de Kamp's Dutch Bakery), 908 F.2d 517, 520 (9th Cir. 1990) ("transfers avoided under section 548 are automatically preserved for the benefit of the bankrupt's estate, regardless whether the interest could have been avoided by a competing creditor in a prepetition state court proceeding"). As in In re Abner, the court in Retail Clerks also rejected an argument based on equitable principles, noting, "[i]f there is any unfairness in this interpretation, however, it is a result of express statutory language, which should be remedied

11

by the legislative, rather than the judicial branch." Id., at 520.

The Court finds persuasive the rulings in In re Abner and Retail Clerks. In both of the New Mexico cases cited by FRIC in support of its position that a judgment lien attaches at the time the transcript of judgment is filed, even if the filing occurs after a fraudulent transfer, the creditors went into state court to obtain a ruling on the issue of fraud.[5] FRIC did not do that in this case, and the bankruptcy filing has now precluded it from doing so. The Court rejects FRIC's contention that Judge McFeeley "misinterpreted" these two cases.

FRIC cites three bankruptcy cases which, it argues, support the position that a lien attaches immediately to the property upon filing of a judgment lien, even in the case of a void deed, and prevails over the Trustee's interest in the recovered property. Judge McFeeley distinguished those cases on grounds they relied on state law outside this jurisdiction which provides that judgment liens attach to property that a judgment debtor has fraudulently conveyed.[6] In New Mexico, a judgment lien does not follow the real property but instead follows the debtor. *See*, Turner v. Les File Drywall, Inc., 117 N.M. 7, 9, 868 P.2d 652, 654 (1994), which interprets NMSA (1978) § 39-1-6, quoted above, to mean that "the property of one man cannot be subjected to the payment of the debts of another."

The Court therefore finds that Judge McFeeley's ruling on this issue is supported by state

---

[5]Marchbanks v. McCullough, 47 N.M. 13, 132 P.2d 426 (1942) was an action to foreclose a mortgage, with cross-complaint alleging fraudulent transfer; State ex rel. Hill v. District Court, 79 N.M. 33, 439 P.2d 551 (1968) was a suit to set aside a deed as fraudulent and to foreclose a judgment lien.

[6]Lawson v. Liberty Nat'l Bank & Trust Co., 18 B.R. 384 (W.D.N.Y. 1982); In re Mathiason, 129 B.R. 173 (Bankr. D. Minn. 1991); and In re Veterans Choice Mortgage, 291 B.R. 894 (Bankr. S.D. Ga. 2003).

and federal bankruptcy law and should be affirmed.

### Sufficiency of the Description

Appellant FRIC also faults Judge McFeeley for failing to discuss an issue raised by the Trustee in the first adversary proceeding, wherein the Trustee argued that the description of the property in the quitclaim deed is insufficient to establish the boundaries of the property, thus rendering the transfer "invalid and unenforceable." [*See*, Complaint (Doc. 1) in Adversary No. 05-1032, at 3].

New Mexico law provides that a deed containing a mis-description or uncertainty in description is not necessarily void, if it is possible by any means to ascertain what property is intended to be conveyed. Hughes v. Meem, 70 N.M. 122, 371 P.2d 235 (1962). This Court need not reach the issue of whether, in fact, the description in the quitclaim in this case was legally sufficient, because even if there had been a mis-description in the deed, that fact would not render the deed void from its inception.

As discussed above, this Court agrees with the Bankruptcy Court's holding that, until tested in litigation, a voidable deed is not void. The law recognizes a significant difference between a deed that is void *ab initio* and one that is merely voidable. In the first instance, there is no conveyance as the instrument purporting to transfer title was void at the outset. In the second instance, the conveyance may be set aside if a court determines that the instrument is void. Until then, it is voidable, that is, a valid act which may be voided at the election of one of the parties or by operation of law. Black's Law Dictionary 1573-74 (6th ed. 1990)

Prior to the Bankruptcy filing, FRIC did not seek a judicial ruling declaring the deed invalid on the basis of insufficiency in the description, and the transfer herein was effective as a conveyance of property at the time FRIC filed its transcript of judgment. That is how the parties stood at the time

the bankruptcy petition was filed. FRIC's judicial lien cannot, therefore, prevail over the interest of the estate.

## Collateral Estoppel

FRIC also argues that Judge McFeeley's ruling in the earlier adversary proceeding, wherein he granted default judgment against Defendant Carl Haese and in so doing held that the transfer from Debtors to Carl was void and of no force and effect, constitutes collateral estoppel in the present adversary action.

In a federal court proceeding, the question of the preclusive effect to be given to a prior federal decision is an issue of federal law. Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 507, 121 S.Ct. 1021, 1027, 149 L.Ed.2d 32 (2001); Murdock v. Ute Indian Tribe, 975 F.2d 683 (10th Cir. 1992). In the Tenth Circuit, application of collateral estoppel requires four elements:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Dodge v. Cotter Corp., 203 F.3d 1190, 1198 (10th Cir. 2000). Judge McFeeley pointed to the second element of this formulation, holding that the earlier ruling had no preclusive effect because it was not "adjudicated on the merits" as the issue was decided by a default judgment. This conclusion is in keeping with federal law.

> It is the general rule that issue preclusion attaches only "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment." Restatement (Second) of Judgments § 27, p. 250 (1982). "In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated. Therefore, the rule of this Section

14

> [describing issue preclusion's domain] does not apply with respect to any issue in a subsequent action."

Arizona v. California, 530 U.S. 392, 414, 120 S. Ct. 2304, 2319 (2000).

*See also*, In re Gordon, 303 B.R. 645, 654 (Bankr. D. Colo. 2003) ("The general rule is that federal court default judgments have no collateral estoppel effect, because none of the issues is actually litigated"); and In re Murphy, 297 B.R. 332, 348 (Bankr. D. Mass. 2003):

> "In the case of a judgment entered by ... default, none of the issues is actually litigated. Therefore, [issue preclusion] does not apply with respect to any issue in a subsequent action."[*quoting* Arizona v. California, *supra*]; FTC v. Wright (In re Wright), 187 B.R. 826, 832 (Bank.D.Conn.1995) (noting that, as to federal courts evaluating the preclusive effect of default judgments entered in a prior federal proceeding, courts uniformly held the issue at bar had not been fully litigated).

This Court finds that Judge McFeeley's well-reasoned ruling, declining to apply the principle of collateral estoppel to the issue of voidness, is in keeping with federal precedent. At first glance his rulings in the two adversary proceedings appear to be in conflict; however, on close inspection they are both consistent with legal authority. Together, these rulings stand for the proposition that, while the purported conveyance from Debtors to Carl Haese was later adjudged to be void as to Carl (who did not answer or otherwise enter an appearance in the first adversary proceeding in which this issue was determined), nevertheless the conveyance was merely voidable and therefore in effect at the time FRIC filed its transcript of judgment. The outcome of all of this is that the property became the property of the estate and it is now available to satisfy the claims of all of Debtor's creditors.

**Recommended Disposition**

That the decision of the Bankruptcy Court in Adversary No. 06-1194 M, granting summary judgment in favor of Chapter 7 Trustee Philip J. Montoya, be affirmed and that this appeal be dismissed.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge